# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>v.<br><br>NICKOLAS A. DOHERTY,<br><br>          Defendant. | Case No. 16-CR-151-JPS<br><br><br><br><br><br>**ORDER** |

    Defendant is charged by indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). On November 4, 2016, Defendant filed a motion to suppress the evidence supporting these charges. (Docket #11). That evidence was obtained as a result of a traffic stop and subsequent searches and seizures conducted by officers of the Cudahy Police Department on July 11, 2015. Defendant argues first that the officers lacked probable cause to stop the vehicle in which he was a passenger. Further, according to Defendant, the officers lacked reasonable suspicion to perform a *Terry* frisk on him. The government opposed the motion, arguing that the evidence should not be suppressed. (Docket #20).

    On November 16, 2016, Magistrate Judge Nancy Joseph held an evidentiary hearing on Defendant's motion and took testimony from the officers. (Docket #14). On January 6, 2017, Magistrate Joseph issued a report and recommendation on Defendant's motion. (Docket #22). Although she concluded that probable cause did support the officers' decision to stop the car in which Defendant was riding, she nevertheless found that, based on the facts presented to her at the evidentiary hearing, the officers lacked sufficient

cause to perform a *Terry* frisk. *Id.* at 11–17. She further found that there was an adequate causal chain between the illegal search and the evidence obtained to warrant application of the exclusionary rule. *Id.* at 17–18. As a result, Magistrate Joseph recommends that the motion to suppress be granted. *Id.* at 18.

In her report and recommendation, Magistrate Joseph noted that the parties were to file specific objections to her findings and recommendations no later than fourteen days from the issuance of thereof. *Id.* at 18–19; *see also* Gen. L. R. 72(c); Fed. R. Crim. P. 59(b). The government did not file an objection to the report and recommendation, and the time for doing so has passed. The Court, having reviewed Magistrate Joseph's report and recommendation and having received no objections thereto, will adopt it in full.[1]

Accordingly,

**IT IS ORDERED** that Defendant Nickolas Doherty's objection to Magistrate Judge Nancy Joseph's Report and Recommendation (Docket #25) be and the same is hereby **OVERRULED as moot**;

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's Report and Recommendation (Docket #22) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendant Nickolas Doherty's motion to suppress (Docket #11) be and the same is hereby **GRANTED**; and

---

[1]Defendant filed an objection on January 20, 2017. (Docket #25). He claims that although Magistrate Joseph was correct that the *Terry* frisk was impermissible, she should also have found that the officers lacked probable cause to stop the vehicle in question. Because the result would not change if Defendant's objection was sustained, the Court finds that the objection is moot.

**IT IS FURTHER ORDERED** that the indictment in this matter (Docket #1) be and the same is hereby **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2017.

BY THE COURT:

*[signature]*

J.P. Stadtmueller
U.S. District Judge